UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACQUES, | No. 2:21-cv-0143-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| M. BRAHNEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion to compel further responses to his requests for production of documents ("RFPs") numbers 1 through 8 (ECF No. 33), which defendants oppose (ECF No. 38). Plaintiff did not file a reply and the time for doing so has passed. For the reasons stated below, plaintiff's motion is partially granted as to RFP Nos. 1, 2, 3, 4, 6, 7, and 8, and is denied in all other respects.

Defendants first argue that plaintiff fails to identify the specific requests for production at issue. In the opening paragraph of plaintiff's motion, however, plaintiff contends that defendants objected to all eight of his requests for production "and failed to produce any responsive documents." ECF No. 33 at 1. It is clear from this statement that plaintiff seeks to compel further responses to all eight of his requests for production.

/////

1

Next, defendants argue that plaintiff failed to meet and confer with them before filing his motion. However, plaintiff is proceeding pro se as a state prisoner challenging his conditions of confinement. Such cases are routinely exempted from the meet and confer and joint statement requirements and all motion practice in this case is governed by Local Rule 230(*l*). *See* ECF No. 18 at 1. Accordingly, a failure to meet and confer does not provide a basis for denial of plaintiff's motion.

Before turning to the substance of plaintiff's motion to compel, the court quotes from its prior screening order, which identifies the claims at issue.

> The complaint (ECF No. 1) alleges the following: Plaintiff had a comprehensive accommodation chrono prohibiting him from climbing stairs because of a prior gunshot wound. *Id.* at 10. On August 31, 2019, the lower tier shower was occupied when plaintiff was released for his shower. *Id.* Defendant J. Stratton, aware of plaintiff's chrono, said to plaintiff, "I am not here to accommodate you. You can be dirty and lose your shower or go upstairs [to shower] now." *Id.* While climbing the stairs so that he could shower, plaintiff fell, twisting his right ankle in two places. *Id.* He yelled "man down" and told Stratton he was in pain. *Id.* Stratton did not summon medical assistance. *Id.* at 11. Instead, Stratton summoned correctional officer defendants M. Brahney and R. Reyes. *Id.* Plaintiff reiterated that he was in pain. *Id.* There was also visible swelling of his ankle. *Id.* Defendants refused to summon medical assistance or to initiate a medical injury report. *Id.* Brahney stated "I am not fucking medical" and Reyes stated, "Fuck you, we're not doing no paperwork." *Id.* After a few minutes, the three defendants just left plaintiff, in pain and unable to move, on the stairs. *Id.* at 12. Approximately 20-30 minutes later another inmate who happened to be passing through assisted plaintiff back to his cell. *Id.* Plaintiff continues to experience severe pain and emotional distress. *Id.* at 19.
>
> Liberally construed, plaintiff has stated cognizable Eighth Amendment claims against all defendants for being deliberately indifferent to his serious medical needs.

ECF No. 8. at 2.

The court notes that the only RFPs to which defendants provided no response are RFP Nos. 3 and 6. In RFP No. 3, plaintiff seeks:

> Any and all formal and informal written complaints (including but not limited to 602 forms) against any defendant (mentioned in complaint filed January 25, 2021 in case No. 2:21-cv-00143-TLN-EFB PC), alleging failing to summon medical care, including intentionally denying an inmate medical care. This time frame for

>  discovery request[s] the time each defendant became employed by, rather under CDC or CDCR to present (including all written responses, appeals, reports, investigations, and correspondence regarding the complaint).

ECF No. 33 at 9. Defendants object that this request is overbroad, seeks irrelevant material, and is protected by the official information privilege. *Id.*; ECF No. 38 at 7-9, 10. These objections are not well-taken. Prisoner grievances against the defendants (and corresponding responses) alleging a failure to summon medical care, are reasonably calculated to lead to admissible evidence in support of plaintiff's claim, as they could reveal a possible pattern or practice of a defendant exhibiting deliberate indifference to the medical needs of inmates. However, the request is overbroad as to time. Therefore, the court will order defendants to provide plaintiff with prisoner grievances against defendants from January 2015 to the present (and the prisons' corresponding responses), which complain of a failure to summon medical care. To the extent such information implicates privacy rights (as expressed by defendants in their assertion of the official-information privilege, ECF No. 38, Ex. C ¶¶ 5-7), defendant may redact identifying personal information from responsive documents.

In RFP No. 6, plaintiff seeks:

> Any and all records and documents that supports the defendants' contention that plaintiff is not entitled to "prayer for relief" as so stated in the Defendants' Answer to Plaintiff's Complaint; Demand for Jury trial on page 3, paragraph 12, line 3-5.

ECF No. 33 at 11. Defendants object to this request as improper because it requires production of documents that prove a negative. *Id.* This objection is overruled. To the extent defendants have in their possession, custody, or control, any documents that demonstrate plaintiff is not entitled to his "prayer for relief," they shall produce them. If they have none, they shall say so in their response.

/////
/////
/////
/////
/////

3

As for the remaining RFPs, defendants raised numerous objections, but ultimately provided responses. As for RFP Nos. 1[1], 2[2] and 8[3], defendants responded as follows:

> Documents responsive to this request may be found in the California Code of Regulations, Title 15, and CDCR Department Operations Manual in effect on August 31, 2019, both of which are available for plaintiff's review in the prison law library.

ECF No. 33 at 7-9, 12. Rarely are responsive documents "equally available" to pro se prisoner plaintiffs. Thus, the court will require that defendants certify to the court that plaintiff has been granted access to the documents referenced in their responses to RFP Nos. 1, 2 and 8.

As for RFP Nos. 4[4] and 7[5], defendants responded as follows:

> A diligent search and reasonable inquiry has been made in an effort to locate the item requested, and responding parties are unable to produce any documents responsive to this request because such documents never existed.

ECF No. 33 at 10, 11. Plaintiff does not argue in his motion to compel that responsive documents do exist, and as noted, he did not file a reply. The court cannot compel defendants to produce

---

[1] RFP No. 1 seeks "[a]ny and all records of training that has been provided to each defendant (mentioned in complaint filed January 25, 2021 in case No. 2:21-cv-00143-TLN-EFB PC), on summoning medical care for an inmate. The time frame for this discovery request is the time each defendant became employed by, rather under CDC or CDCR to present." ECF No. 33 at 6.

[2] RFP No. 2 seeks "[a]ny and all documents received, read, or reviewed by each defendant (mentioned in complaint filed January 25, 2021 in case No. 2:21-cv-00143-TLN-EFB PC), that refer or relate to training, policies, or procedures on summoning medical care, including intentionally denying medical care to an inmate." ECF No. 33 at 7-8.

[3] RFP No. 8 seeks "[a]ny and all records training that has been provided to each defendant (mentioned in complaint filed January 25, 2021 in case No. 2:21-cv-00143-TLN-EFB PC), on supervising inmates being released from their cells. The time frame for this discovery request is the time each defendant became employed by, rather under CDC or CDCR to present." ECF No. 33 at 12.

[4] RFP No. 4 seeks "[a]ny and all records and/or documents that plaintiff submitted health care request forms 7362 on August 31, 2019 and September 1, 2019." ECF No. 33 at 9.

[5] RFP No. 7 seeks "[a]ny records and/or all documents showing time plaintiff was released for showers on August 31, 2109 at SCP-SAC Facility C, building 3, cell no. 121 low." ECF No. 33 at 11.

documents that do not exist. Nevertheless, defendants shall certify to the court that no responsive documents exist. Plaintiff's motion is otherwise denied as to these requests.

And finally, is RFP No. 5[6], to which defendants responded as follows:

> Defendants will produce all non-privileged responsive documents identified to date (*see* attached Defs.' Doc. Product.001-058). Defendants reserve the right to use as evidence any other documents responsive to this request identified through further investigation, and will supplement their document production if any additional responsive documents are discovered following this response.

ECF No. 33 at 11. Plaintiff fails to argue that the documents produced in response to RFP No. 5 are deficient. Plaintiff's motion to compel a further response to RFP No. 5 is denied.

Accordingly, it is ordered that:

1. Plaintiff's motion to compel (ECF No. 33) is partially GRANTED as to RFP Nos. 1, 2, 3, 4, 6, 7, and 8, and is DENIED in all other respects;

2. Defendants shall serve plaintiff with supplemental responses and file certifications with the court as ordered herein within 14 days from the date of service of this order; and

3. Dispositive motions shall be filed on or before June 17, 2022.

Dated: March 31, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[6] RFP No. 5 seeks "[a]ny and all records and/or documents proving plaintiff injured himself due to his acts and/or other persons as stated in defendant's Affirmative Defense No. 4 on page 8 of defs.' Ans. Pl.s' compl.; demand for jury trial (2:21-cv-00142-TLN-EFB PC)." ECF No. 33 at 11.