UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JACQUES,

    Plaintiff,

v.

M. BRAHNEY, et al.,

    Defendants.

No. 2:21-cv-0143-TLN-EFB (PC)

ORDER

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks an order to compel further responses to his discovery requests. On March 31, 2022, the court partially granted plaintiff's motion to compel. ECF No. 39. Thereafter, on April 28, 2022, defendants certified to the court that they had complied with the court's order. ECF No. 43. But on May 13, 2022, plaintiff again filed a motion to compel, which defendants have opposed. ECF Nos. 45, 52. As discussed below, plaintiff's motion is denied.

    In regards to plaintiff's request for production ("RFP") No. 3, the court found that "[p]risoner grievances against the defendants (and corresponding responses) alleging a failure to summon medical care, are reasonably calculated to lead to admissible evidence in support of plaintiff's claim, as they could reveal a possible pattern or practice of a defendant exhibiting deliberate indifference to the medical needs of inmates." ECF No. 39 at 3. Therefore, the court ordered defendants to provide plaintiff with prisoner grievances against defendants from January

1

2015 to the present (and the prisons' corresponding responses), which complain of a failure to summon medical care.  *Id.*  Through the instant motion to compel, plaintiff states that the only grievances produced by defendants were ones filed by plaintiff himself.  ECF No. 45 at 2.  In their opposition, defendants certify that no other responsive documents exist.  ECF No. 52-1, ¶ 5.  Plaintiff has provided no evidence or basis to show that defendants' certifications are false and the court cannot compel defendants to produce documents that do not exist.

Plaintiff also seeks "training records," as initially requested by him in RFP Nos. 1 & 8.  With respect to these requests, defendants initially objected on various grounds but also responded to plaintiff that responsive documents could be found in the California Code of Regulations, Title 15, and CDCR Department Operations Manual.  ECF No. 33 at 7, 12.  In granting plaintiff's prior motion to compel, the court ordered defendants to ensure that plaintiff would be granted access to the documents referenced in their responses.  ECF No. 39 at 4.  On April 28, 2022, defendants certified that such access had been granted.  ECF No. 43 at 1.  In his original motion to compel, plaintiff did not challenge defendants' objections to RFP Nos. 1 & 8.  Nor does he make any such challenge in the instant motion to compel.  Thus, plaintiff has not demonstrated any basis for overruling defendants' objections (and the time for doing so was with the original motion to compel).   Accordingly, plaintiff's motion to compel production of any additional "training records," is denied.

Plaintiff also seeks "records showing plaintiff was released for showers on August 31, 2019."  ECF No. 45 at 2.  On April 28, 2022, defendants certified that no responsive documents exist. ECF No. 43 at 2.  Again, defendant has provided no basis for disputing that certification and the court cannot compel defendants to produce documents where none exist.

Accordingly, it is hereby ORDERED that plaintiff's motion to compel (ECF No. 45) is DENIED.

Dated: August 19, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2