1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL JACQUES[1],                      No.  2:21-cv-00143-TLN-EFB (PC)

12                 Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   M. BRAHNEY, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42

18   U.S.C. § 1983.  She filed this action on January 25, 2021.  ECF No. 1.  On March 25, 2021,

19   pursuant to 28 U.S.C. § 1915A(a),  the court determined that plaintiff's complaint alleged

20   potentially cognizable Eighth Amendment claims against all defendants for deliberate

21   indifference to plaintiff's serious medical needs.  ECF No. 8.  Defendants now move for partial

22   summary judgment.  ECF No. 57.  For the reasons that follow, the motion must be granted.

23   /////

24   /////

25   /////

26   /////

27   _____

28   [1] Plaintiff is a transgender inmate and has recently begun to use feminine pronouns.  ECF
     No. 57 at 1; ECF No. 58 at 1.  The court will do the same.

1

## I.      The Complaint

Plaintiff is currently housed at California State Prison – Sacramento ("SAC"), where she alleges the events in the complaint occurred on August 31, 2019.  ECF No. 1 at 7, 9-11. According to plaintiff's complaint, plaintiff had a Comprehensive Accommodation Chrono ("CAC") prohibiting her from using stairs due to a previous injury.  *Id.* at 10.  On August 31, 2019, the lower tier shower was occupied when plaintiff was released for her shower.  *Id.* Defendant J. Stratton, aware of plaintiff's CAC, said to plaintiff, "I am not here to accommodate you.  You can be dirty and lose your shower or go upstairs [to shower] now."  *Id.*  While climbing the stairs so that she could shower, plaintiff fell, twisting her right ankle in two places.  *Id.*  She yelled "man down" and told Stratton she was in pain.  *Id.*  Stratton did not summon medical assistance.  *Id.* at 11.  Instead, Stratton summoned correctional officer defendants M. Brahney and R. Reyes.  *Id.*

Plaintiff reiterated that she was in pain.  *Id.*  Her ankle was also visibly swollen.  *Id.* Defendants refused to summon medical assistance or to initiate a medical injury report.  *Id.* Brahney stated "I am not fucking medical" and Reyes stated, "Fuck you, we're not doing no paperwork."  *Id.*  After a few moments, the three defendants left plaintiff, in pain and unable to move, on the stairs.  *Id.* at 12.  Approximately 20-30 minutes later, another inmate who happened to be passing by assisted plaintiff back to her cell.  *Id.*  Plaintiff continues to experience severe pain and emotional distress.  *Id.* at 19.

## II.     Plaintiff's Claims and Defendants' Motion

Liberally construed, plaintiff's complaint alleges two separate instances of deliberate indifference to her serious medical needs.  First, plaintiff maintains that she fell after Stratton forced her to go to an upper-tier shower, despite a CAC that prevented her from ascending stairs. ECF No. 1 at 9-10.  Second, plaintiff alleges that Stratton, Brahney, and Reyes refused to summon medical assistance after they saw her laying on the staircase.  *Id.* at 11.

/////

/////

/////

2

Defendants acknowledge that there is a material factual dispute precluding summary judgment as to whether defendants summoned medical assistance for plaintiff after she fell, and thus they do not move for summary judgment on that claim.  ECF No. 58 at 2.  Defendants maintain, however, that the CAC does not contain any restrictions that prevent plaintiff from climbing stairs, and thus that defendant Stratton is entitled to summary judgment on the allegation he was indifferent to plaintiff's serious medical needs by requiring her to use an upper-tier shower.  *Id.*

### III.     The Parties' Factual Contentions and Evidence

Defendants have produced plaintiff's CAC dated March 4, 2016.  Declaration of L. Hightower ("Hightower Dec.") at Ex. A.  Plaintiff stated in her deposition that she showed this CAC to defendant Stratton at the time of the alleged incident on August 31, 2019.  Declaration of A. Padua ("Padua Dec.") at Ex. A.  According to the CAC, plaintiff has a permanent lower bunk restriction, and her job assignment restrictions are "[n]o rooftop work, no ladders, no hazardous machinery, no sharp objects, and no motorized vehicles."  Hightower Dec. at Ex. A.  The CAC also comments that plaintiff should "avoid climbing."  *Id.*  Significantly, the boxes on the CAC for restrictions to "Ground Floor – Limited Stairs" and "Ground Floor – No Stairs" are not checked.  *Id.*

### IV.     The Motion for Partial Summary Judgment

#### A.     Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law applicable for the claim in question.  *Id*.  If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine.  In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question.  Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*, 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility.  It believes the opposing party's evidence and draws inferences most favorably for the opposing party.  *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences.  *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On

1   the other hand, the opposing party "must do more than simply show that there is some

2   metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead

3   a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

4   *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary

5   judgment.

6          Concurrent with their motion for partial summary judgment, defendants advised plaintiff

7   of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil

8   Procedure. ECF No. 57-8; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*,

9   154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v.*

10  *Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

11         **B.      No Rational Factfinder Could Find that Defendant Stratton Acted with
                     Deliberate Indifference to Plaintiff's Medical Needs When Stratton Told
12                   Plaintiff to Shower Upstairs**

13          The Eighth Amendment protects prisoners from inhumane methods of punishment and

14  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

15  2006).  Extreme deprivations are required to make out a conditions-of-confinement claim, and

16  only those deprivations denying the minimal civilized measure of life's necessities are

17  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

18  503 U.S. 1, 9 (1992).  "Prison officials have a duty to ensure that prisoners are provided adequate

19  shelter, food, clothing, sanitation, medical care, and personal safety."  *Johnson v. Lewis*, 217 F.3d

20  726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

21         To succeed on an Eighth Amendment claim predicated on deliberate indifference to

22  medical needs, a plaintiff must establish that: (1) she had a serious medical need and (2) the

23  defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091,

24  1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To act with deliberate

25  indifference, a prison official must both be aware of facts from which the inference could be

26  drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer*

27  *v. Brennan*, 511 U.S. 825, 837 (1994).

28  /////

1   Thus, a defendant will be liable for violating the Eighth Amendment if he knows that

2   plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take

3   reasonable measures to abate it." *Id.* at 847.  "[I]t is enough that the official acted or failed to act

4   despite his knowledge of a substantial risk of serious harm." *Id*. at 842.

5   Here, the evidence submitted by the parties does not raise a triable issue of material fact as

6   to whether plaintiff had a CAC prohibiting her from using the stairs, and whether defendant

7   Stratton was aware of such a restriction.[2]  The CAC that plaintiff admits she showed to defendant

8   Stratton as the basis for not having to use the stairs does not contain a prohibition on plaintiff

9   using stairs, nor does it restrict her to the ground floor.   Hightower Dec. at Ex. A.  Notably, the

10   boxes on the CAC for restrictions to "Ground Floor – Limited Stairs" and "Ground Floor – No

11   Stairs" are *not* checked, *id.*, indicating that plaintiff was not restricted from using the stairs or

12   required to remain on the ground floor due to a medical condition.

13   Plaintiff argues that the comments section of the CAC states that plaintiff should "avoid

14   climbing." *Id.*   While plaintiff is correct, a comment to "avoid climbing" is not a medical

15   restriction from using stairs, particularly when the boxes that would specifically restrict plaintiff

16   to the ground floor or prohibit her from using the stairs are not checked.  Taken as a whole, the

17   record here could not lead a rational trier of fact to find that defendant Stratton ignored the

18   restrictions in plaintiff's CAC and violated the Eighth Amendment by requiring plaintiff to use an

19   upper tier shower.  As such, there is no "genuine issue for trial." *Matsushita*, 475 U.S. at 587

20   (citation omitted).[3]

21   /////

22   /////

23   /////

24   _____

25   [2] The majority of plaintiff's opposition (ECF No. 58) addresses whether defendants violated the Eighth Amendment when they allegedly failed to summon medical care after her fall, a claim that is not at issue in this motion.

26

27   [3] Defendants also argue that they should be granted qualified immunity on this issue. Because the court finds that defendants are entitled to summary judgment, it is not necessary to address this additional argument.  Should the District Judge decline to adopt these findings and

28   recommendations, the court will address the propriety of qualified immunity in this case.

7

1   **V.   Recommendation**

2        In accordance with the above, it is RECOMMENDED that defendant's motion for partial

3   summary judgment (ECF No. 57) be granted.

4        These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11

12  Dated: December 21, 2022.

13                                   EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28